# SPRINGER *v.* DISTRICT OF COLUMBIA.

### PHYSICIANS: PRACTICE OF MEDICINE WITHOUT LICENSE.

1. In a prosecution for practising medicine in this District, or publicly professing to do so, without first obtaining a license, in violation of § 13 of the act of Congress of June 3, 1896 (29 Stat. at L. 198, chap. 313) regulating the practice of medicine in this District, while neither an advertising circular of an out of town sanitarium for the treatment of alcoholism of which the defendant is manager, nor the fact that the defendant had registered at a hotel here as a physician, would be sufficient proof of a violation of the statute, such facts are admissible as circumstances tending to show, in connection with other evidence thereafter introduced, that the defendant held himself out as a practitioner of the specialty indicated in the circular.

2. Where a statute regulating the practice of medicine does not declare what specific acts shall constitute "practising medicine," or what it is to "publicly profess to do so," both of which are prohibited unless the person so doing has obtained a license, it is for the courts to determine whether the facts and proof in a particular case bring it within the terms of the statute, taking these in the sense in which they are commonly understood.

3. Testimony is sufficient to support a prosecution for violating § 13 of the act of Congress of June 13, 1896, regulating the practice of medicine in this District, when to the effect that the defendant, without obtaining a license to practise medicine here, held himself out as an expert in the treatment of alcoholism, had several patients here, furnished his remedies, and employed licensed physicians to take immediate charge of the patients, giving such physicians discretion only as to the frequency of the doses and the treatment of any complications that might arise.

*No. 136.* Submitted November 6, 1903. Decided January 5, 1904.

IN ERROR to the Police Court of the District of Columbia.
*Affirmed.*

The COURT in the opinion stated the case as follows:

The plaintiff in error, Nathan A. Springer, was convicted in

the police court under an information filed therein which charged that, on January 1, 1903, and divers other days thereafter, in the District of Columbia, he "did then and there practise medicine, and did then and there publicly profess to do so, without first having obtained" license so to do in the manner required by law.

The information was filed under § 13 of "An Act to Regulate the Practice of Medicine and Surgery, to License Physicians and Surgeons, and to Punish Persons Violating the Provisions thereof in the District of Columbia," approved June 3, 1896 (29 Stat. at L. 198, 201, chap. 313). Said section (omitting unimportant parts) reads thus:

"That from and after the passage of this act any person practising medicine and surgery or midwifery in the District of Columbia, or who shall publicly profess to do so, without first having obtained    *   *   *   a license   *   *   *   shall be deemed guilty of a misdemeanor," etc.

Over objections of defendant, the prosecution read in evidence the following circular, printed on a sheet of yellow paper about 5 inches long and 3½ inches wide:

"The Springer Laurel Sanitarium and its work in curing alcoholism, morphinism, and nervous diseases by the Springer method, Laurel, Maryland, on B. & O. railroad, half way between Baltimore and Washington. Baltimore office, 2 St. Paul street. C. & P. 'phone, St. Paul 3502-Y. Maryland 'phone, Courtland 1960. Washington, D. C., office, 501 G street n. w., cor. Fifth, Vaughan & Hooper's drug store. 'Phone, 808 East. 'Phone, Laurel, 4–6."

On the reverse side was printed a list of officers and stockholders, at the head of which appeared "N. A. Springer, M. D., President and General Manager."

This paper was produced by a police officer, who testified that he arrested defendant, who was at the Tremont hotel, where he had registered as Dr. N. A. Springer, and then procured the paper from the drug store of Hooper. He also testified that defendant told him "that he was treating Dr. Slade at the time merely as a friend."

Other evidence in the case is set out in the bill of exceptions as follows:

"John R. Atwell, called on behalf of the prosecution, testified in substance as follows:

"I am a registered physician and have been practising in the District five or six years.     The defendant called on me at my office last February and introduced himself as a physician and told me that he had four patients that he wanted me to attend. He engaged me to see one of these patients at the Shoreham hotel for so much per visit.     He said I would find remedies there and I was to give them to the patient.     I went three or four times a week; sometimes twice a day, at my own discretion.     I also visited a gentleman named Hill, one named Hodges, and one named Jenkins, under the same circumstances.     I treated them with defendant's medicines which defendant had left at each of these places, and using my discretion as to frequency of doses, and wherever complications arose I used my own judgment in treating the patients.     I never saw Dr. Springer prescribe for a patient or diagnose a case or administer any medicine.     He made the proposition to me to call at so much a visit and take general charge.     He let me know that he was a physician.

"Frederick O. Roman, called on behalf of the prosecution, testified, in substance, as follows:

"I met defendant in my office last spring.     He said he was sent to me, as he understood I had cases needing treatment for acute alcoholism.     I said I would ask them if they would take the treatment, but they declined to do so.     He said he had a sanitarium at Laurel and had had much success.     He offered to treat them on L street.     He said I could see the patients from time to time.

"Whereupon the prosecution declared its case closed and the defendant moved the court to direct the jury to return a verdict of not guilty, which motion the court overruled and the defendant excepted, stating that said exception was for the purpose of appeal to the court of appeals of the District of Columbia.

"Nathan A. Springer, called as a witness on his own behalf,. testified, in substance, as follows:

"I am a physician and am the discoverer of a system of treatment for drunkenness and other drug habits.    I have about. twenty places in different States where my system is in use.    I never administer the treatment, and have not done so for eight years.    I always employ a local physician wherever I introduce my system of cure and leave the treatment in his locality entirely to him.    I confine myself to managing the business.    Last spring I came here with a view to financing the  sanitarium at Laurel, which had gotten into financial difficulty.    Dr. Slade had been a patient there, but had finished the treatment and accompanied me here merely as a companion.    I did not treat him at all.    One of my former patients had told me that Dr. Roman had several patients suffering from  acute  alcoholism,. and I went to him to try to get them to be treated by my system. I did not offer to treat them on L street nor did I contemplate doing so, but expected that they would either  go to  the sanitarium at Laurel or be treated by a local physician here.    I employed Dr. Atwell to treat several patients in this city, explaining to him the drugs used  and  leaving  it entirely to his discretion when and in what quantities to administer them.    I did not diagnose any cases, prescribe for the patients, nor administer the medicine.    I took absolutely no part in the treatment, but left it entirely to Dr. Atwell, as I do with all other local physicians."

Upon the conclusion of this evidence the defendant moved the court to direct a verdict for him, which was overruled, with exception reserved.    The court then instructed the jury as follows:

"If you believe from the evidence in this case that the defendant, not being a licensed physician in the District of Columbia, introduced himself to the witness, Dr. Atwell, as a physician, and asked Dr. Atwell to take charge of four patients and administer his treatment to them, and if by reason of this request Dr. Atwell did take charge of the patients, or any of them, and did administer defendant's treatment to them, then defend-

ant has violated our law, which forbids an unlicensed physician to practise medicine in this District, notwithstanding that Dr. Atwell was given discretion to give other medicines to meet complications that might arise in the course of the treatment.

"If you find from the evidence that the defendant, not being a licensed physician in this District, introduced himself to Dr. Roman and solicited from him the business of the treatment of any patients the witness might have needing treatment for alcoholism, then you may consider this testimony in connection with other testimony as to circulating advertisements in this District as pertaining to the question whether defendant did publicly profess to practise medicine in this District.

"Now, gentlemen of the jury, the law looks with great disfavor upon dissimulation. A man cannot do indirectly what he cannot do directly.    That which is forbidden by the law he should not do indirectly if he cannot do it directly.    Now, the prosecution is based on the idea that this defendant has sought to prosecute his business here in the District of physician without procuring a license, which is the substance of this accusation. Now, if you find that this is true, there is, of course, nothing to be done but to find the defendant guilty."

Exceptions to this instruction and to the admission of evidence were regularly taken.

*Mr. Philander A. Bowen* and *Mr. Philip Tindall* for the plaintiff in error.

*Mr. Andrew B. Duvall,* Corporation Counsel, and *Mr. F. H. Stephens* for the defendant in error.

Mr. Justice SHEPARD delivered the opinion of the Court:

1. Neither the circular nor the fact that the defendant registered at the hotel as Dr. N. A. Springer, whether considered separately or together, would be sufficient proof of a violation of the statute, and that they were not so considered in the trial court plainly appears in the charge.    They were offered and re-

ceived merely as circumstances tending to show, in connection with the evidence thereafter introduced, that the defendant held himself out, not as a titular doctor of medicine, but as a practitioner, in the District of Columbia, of the specialty indicated in the circular.    For such purposes the evidence was clearly admissible.

2. The motion to direct a verdict for the defendant was correctly overruled.

The statute does not declare what specific acts shall constitute "practising medicine," or what it is to "publicly profess to do so."    It is for the courts, therefore, to determine whether the facts proved in a particular case bring it within the terms of the statute, taking these in the sense in which they are commonly understood.

Without undertaking to give any general definition of the terms used, it is sufficient, for all the purposes of this case, to say that the evidence disclosed in the bill of exceptions is ample to sustain the charge of violation of the statute on both grounds.

It appears therefrom that the defendant proclaimed himself an expert in the treatment of alcoholism, and had several patients in the city of Washington.    He furnished the remedies and employed licensed physicians to take immediate charge. These gave the defendant's remedies, and the only discretion exercised by them was in respect of the frequency of the doses, and of any complication that might ensue.

In other words, professing knowledge of the science of medicine, he obtained patients, diagnosed their cases, decided that they were suffering from a malady for which he had discovered or compounded a remedy, prescribed and furnished that remedy, and employed other physicians to take immediate charge of the patients and administer the same.

The argument that he was acting as an advertiser of his sanitarium in an adjacent State, and as a mere dealer in a special medicine or remedy, does not meet the evidence.    Undoubtedly he could advertise himself and his business elsewhere, and also advertise and sell his remedies, as patent medicines are allowed to be sold in the District of Columbia, provided he refrained from making diagnoses and prescribing medicines.

Selling his compound to such persons as he might examine and pronounce fit subjects of medical treatment was "practising medicine" as much as if he had given them, instead, an ordinary prescription that could be satisfied in any regular drug store.

3. The charge of the court, taken as a whole, as it must be under a general exception, is directly applicable to the evidence, and a correct statement of the law.

The judgment must be affirmed, with costs; and it is so ordered.                                        *Affirmed.*